HON. DAVID E. LIDER, ESQ. Village Attorney, Northville
We acknowledge receipt of your letter inquiring whether the "Superintendent of Streets" of your village must reside in the village.
The Village Law, § 3-330, relates to eligibility of village officers. Subdivision 2 of that section applies to appointed village officers and provides that except as otherwise may be provided by law, such officers must reside in the village unless the village board of trustees takes action authorizing any appointed village officer to reside outside of the village but within a county in which the village is wholly or partially situated.
We find no statutory reference to the village office of "Superintendent of Streets" although the former Village Law, §4-406(2[b and d]) mentioned "superintendent of public works" and "street commissioner" as village offices which could be created by resolution or ordinance and in § 4-406(2[f]) authorized creation of offices not specifically mentioned in the statute. The present Village Law does not mention the offices of "superintendent of public works" or "street commissioner," but in Village Law, § 3-301(2[c]), the board of trustees has the authority to create offices not specifically mentioned in the statute.
In our opinion, if your village has created the office of superintendent of public works or of street commissioner under the former Village Law that office would continue to exist until affirmative action is taken by the board of trustees to abolish the office; under the present Village Law, the board of trustees may create either or both of those offices, and under former Village Law, § 4-406(2[f]), and present Village Law, § 3-301
(2[c]), the board of trustees o the village could have created and may now create the position of "Superintendent of Streets" as a village office.
In our opinion, if the village has created the position of "Superintendent of Streets" as a village office, the holder of that office must reside in the village or, if the village has taken action under Village Law, § 3-300(2), the holder of the office may reside anywhere in a county in which any portion of the village lies or if such action was taken under the former Village Law, § 4-404(2), and has not since been brought to date under the present Village Law, the holder of the office may reside anywhere in a town in which any portion of the village lies.
In our opinion, unless the position of "Superintendent of Streets" has been made a village office, there is no requirement that the holder of that position be a resident of the village. It is possible that the position you refer to as "Superintendent of Streets" is a misnomer for the office of village "superintendent of public works" or village "street commissioner," in which case the foregoing should clarify the residence requirements for the individual holding the office. On the other hand, the title may merely refer to an employee holding a supervisory job. The element of supervision in an employment does not in and of itself make the holder of the position an officer.